Dear Mayor Andrus,
You have requested an opinion of this office regarding the use of public funds to pay legal fees you have incurred defending lawsuits brought against you in your official capacity as mayor. According to your request, you have been sued in your official capacity in two separate lawsuits. The first suit was filed by the city council and the second suit by city employees. You have asked the following question: "[i]t is my understanding that any reimbursement fees that I may be entitled to would have to be approved by the city council. However, if [the council] is the entity . . . suing me, what relief, if any, am I entitled with regard to recovering attorney's fees that I have incurred?"
You are correct in your understanding that when a local public official has been sued for civil damages or has been the subject of a prosecution of criminal charges arising out of the performance of the official functions of his office, and the judgment or prosecution results in an acquittal or dismissal, the public official's legal fees may be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary. Our office has found that such a payment does not violate La.Const. art. VII, Sec. 14(A). See Atty. Gen. Op. Nos. 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, 80-105.[1]
In Atty. Gen. Op. No. 96-398, this office opined that a mayor cannot unilaterally hire and pay an attorney to defend him at the cost of the municipality without the concurrence of the board of aldermen. This conclusion was based on the separation of powers set up in the Lawrason Act, La.R.S. 33:321-463. The City of Grambling is a political subdivision of the State of Louisiana operating under and governed by the Lawrason Act. Under the Lawrason Act, the mayor is the *Page 2 
chief executive officer of the municipality and the board of aldermen is vested with the legislative powers, including the power to appropriate funds. Atty. Gen. Op. No. 06-0053. The mayor's expenditure of municipal funds without a specific appropriation by the board of aldermen is a "power denied him by law." Atty. Gen. Op. No. 00-439.
Past opinions of this office have examined the separation of powers between the mayor and board of aldermen and have consistently concluded that the board of aldermen has control over the municipal fisc, and their express or implicit authorization is required for all public expenditures. Atty. Gen. Op. No. 90-616. Atty. Gen. Op. No. 90-616 recognized that while the mayor may authorize an individual to perform services for the benefit of the city, he may not legally obligate the city to pay for those services without the approval of the board of aldermen. Likewise, Atty. Gen. Op. Nos. 95-226 and 93-283 concluded that when a contract involves the expenditure of funds belonging to the municipality, the mayor and board of aldermen have to concur in the contract.
Based on the separation of powers set up in the Lawrason Act and past opinions of this office, it continues to be our opinion that a mayor cannot unilaterally hire and pay an attorney to defend him at the cost of the municipality without the concurrence of the board of aldermen. However, if that the board of aldermen has already appropriated funds for legal expenses in the budget and if the action of the mayor that are challenges in the lawsuit arise out of the performance of her duties, then the mayor could authorize expenditures from the budgeted funds under authority given to him under the Local Budget Act (the "Budget Act"), La.R.S. 39:1301-1315.[2]
La.R.S. 39:1311 pertains to budgetary authority and control and differentiates between the authority of the chief executive and administrative officers of the political subdivision and the governing authority of the political subdivision, which latter term is defined in R.S. 39:1302(2) to mean "the body which exercises the legislative functions of the political subdivision." R.S. 39:1311 provides in pertinent part as follows:
 "A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures . . .
 * * * *Page 3 C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liability and authorize expenditures from the respective budgeted funds during the fiscal year" (emphasis added).
Based on this provision of the Budget Act, it is the chief executive, which in this instance is the mayor, and not the members of the board of aldermen, who is given the authority to incur liability and authorize expenditures from budgeted funds. Atty. Gen. Op. No. 06-0053.
Accordingly, it is the opinion of this office that a mayor cannot unilaterally hire and pay an attorney to defend him at the cost of the municipality without the concurrence of the board of aldermen. However, if funds have already been budgeted by the board of aldermen for legal services, then the mayor has the authority to authorize expenditures from those budgeted funds if the actions challenged arose out of the performances of the mayor's duties. Further, public funds cannot be used to reimburse a public official for legal fees incurred in defending charges or a suit brought against him in his official capacity unless the defense results in an acquittal or dismissal of all charges. Even then, the payment of legal fees may only be made upon a thorough review of the attorney's bill, including the number of hours worked and rate charged, and a determination that the fees incurred were reasonable and necessary.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] Cf. Atty. Gen. Op. No. 89-401, which determined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him.
[2] Local governments operating under the Lawrason Act are also subject to the Louisiana Local Government Budget Act (the "Budget Act"), La.R.S. 39:1301-1315.